JOSIAH W. HUBBARD & another *vs.* JOSEPH P. WOODBURY.

If B. has agreed in writing to pay to an attorney for his services a certain sum, " when two suits now pending against him in favor of A. are finally terminated, and when all of the suits are finally terminated which said A. may bring against him on the covenants of a lease," which is described, and all actions of tort growing out of his taking possession of the leasehold premises, provided said suits are terminated in favor of B., and not otherwise, and the suits then existing have been terminated in favor of B., and two other suits brought by the administrator of A. have been terminated by an entry of judgment in favor of B., without costs, by his consent, and it appears that the administrator has wholly performed his duties except rendering his account, and does not intend to bring any further action, B. cannot resist payment of the stipulated amount on the ground that the contingency provided for has not occurred; although no release has been executed by A. or his administrator of all causes of action upon the lease, and the statute of limitations would not yet be a bar to a claim under it.

In an action by an attorney at law to recover an amount agreed in writing to be paid to him in gross for his services for one year, and also an additional amount to be paid upon the termination of certain specified suits in favor of the client, if no claim is made for services in the specified suits, it is immaterial to determine whether the attorney was bound to render services in said suits after the expiration of the year; and the defendant has no ground of exception to the refusal of the presiding judge to make any ruling upon that subject.

CONTRACT brought by Josiah W. Hubbard and Charles Houghton, attorneys at law, upon a written agreement between themselves and the defendant, by which, for the sum of $300, they agreed to act as his attorneys and counsellors for one year in all suits at law or in equity in which he was or might be interested in this commonwealth, and to transact all other business for him which comes within the scope and duty of an attorney at law. The agreement further provided as follows :

" The said Woodbury covenants and agrees that he will pay to said Hubbard and Houghton the further sum of three hundred dollars, when two suits now pending against him in the supreme court for the county of Suffolk in favor of Asa Sawyer are finally terminated, and when all of the suits are finally terminated which said Sawyer may bring against him on the covenants of a lease, dated July 14th 1851, of a steam mill and wharf in East Boston, and all actions of tort growing out of said Woodbury's taking possession of the leasehold premises;

provided said suits are terminated in favor of said Woodbury, and not otherwise."

At the trial in the superior court, before *Lord,* J., it appeared that two actions in favor of Sawyer against the defendant were pending at the time the agreement was made, both of which had been terminated by judgments in favor of the defendant; that Sawyer, being a citizen of and resident within this commonwealth, afterwards died, and an administrator was appointed, who commenced two actions against the defendant upon the lease, in each of which judgment had been entered in favor of the defendant, without costs, by the defendant's consent; that the administrator had wholly performed his duties, with the exception of rendering his final account, and did not know of any cause of action upon the lease, or intend to bring any action thereon; and that ancillary administration had been granted in Vermont, upon some estate of Sawyer's there, and the administrator in Vermont had not closed the settlement of the estate there. The defendant requested the court to rule that the sum of $300, provided for in the clause of the contract above recited, was not due and payable, by the terms thereof, until Sawyer or his administrator had executed a release of all causes of action upon the lease referred to, or until all claims upon the lease were barred by the statute of limitations; but the judge declined so to rule, and instructed the jury that they would be warranted in finding that the contingency had happened upon which the said sum was payable, and that the judgment in favor of the defendant, by his consent, terminated in his favor the suits in which they were rendered.

The defendant also requested the court to rule that, " by the written contract, the plaintiffs were to perform all necessary services in the cases of Sawyer's administrator, whether performed within a year or at any subsequent time;" but the judge ruled that, inasmuch as no claim was made for any services in said suits after the termination of a year, or at any time, it was wholly immaterial what was the true construction of the agreement in that respect; that it would be sufficient to pass upon that question when the plaintiffs claimed compensation for

such services, and it was not necessary to make any ruling upon it.

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*J. L. Newton,* for the defendant. 1. The evidence only showed that the administrator of Sawyer did not then know of any cause of action, or intend to bring any action, upon the lease. He might subsequently learn other facts, or change his mind; and the defendant may yet be sued upon the lease. The point of time at which the defendant agreed to pay, therefore, has not yet arrived. 2. If the defendant's construction of the contract was reasonable, as to the obligation of the plaintiffs to render services in all the suits upon the lease, the judge erred in declining to decide the question presented to him.

*T. L. Wakefield,* for the plaintiffs.

DEWEY, J.* The presiding judge was correct in refusing to rule that the additional sum of three hundred dollars, stipulated to be paid to the plaintiffs upon certain conditions recited in the contract, was not due and payable until either Sawyer or his administrator had executed a release of all causes of action upon the lease referred to, or until all claims upon said lease were barred by the statute of limitations. The contract between the parties had no such condition. The court properly ruled that, upon the facts, as stated, and admitted by the parties, the jury would be warranted in finding that the contingency had happened upon which, under the provisions of the contract, the said sum of three hundred dollars was payable. The entry of judgment in the two actions by the administrator of Sawyer, in favor of the defendant, although without costs, the said Woodbury having consented to that mode of terminating those suits, was properly held to be a termination of the suits in his favor.

The further rulings of the court and refusals to rule present no ground for setting the verdict aside.

*Exceptions overruled.*

---

* HOAR, J. did not sit in this case.